UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MONROE CURTIS,

    Petitioner,

    v.

MICHAEL MUKASEY *et al.*,

    Respondents.

Civil Action No.  08-0551 (RJL)

MEMORANDUM OPINION

Petitioner, a prisoner at the Federal Correctional Institution in Fort Worth, Texas, seeks a writ of *habeas corpus* under 28 U.S.C. § 2241, asserting that the judgment of conviction entered against him April 19, 1993 by the United States District Court for the Northern District of Iowa is invalid due to ineffective assistance of counsel and that court's defective jurisdiction.  (Pet. at 1, 2.)  Upon consideration of the petition, the Court will dismiss the case for lack of jurisdiction.

Habeas review of a federal conviction is available under 28 U.S.C. § 2255, which provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255] shall not be entertained if it appears that the applicant has failed to apply for [§ 2255] relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. *See Taylor v. United States Board of Parole,* 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that an attack on the constitutionality of the statute under which defendant was convicted and sentenced is properly pursued by motion under 28 U.S.C. § 2255); *Ojo v. Immigration & Naturalization Service,* 106 F.3d 680, 683 (5th Cir. 1997) (stating that the

sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing). A § 2255 remedy, however, "is not considered inadequate or ineffective simply because § 2255 relief has already been denied." *Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir. 1999).

Here, petitioner has neither acknowledged nor denied that he has already filed a § 2255 motion in the court that sentenced him. In any case, it is clear that he was at one time eligible to do so, and he has not demonstrated that the remedy by motion under § 2255 is inadequate or ineffective to test the legality of his detention. Petitioner is simply incorrect in his assertion that "[t]he Legislative-Territorial Court wherein the issue now complained [of] arose[] lacks the Constitutional authority to entertain and to adjudicate the issue herein[,] thus a § 2255 motion is inadequate and inappropriate." (Pet. at 3.) The court that sentenced petitioner has jurisdiction to hear§ 2255 motions and is not a "Legislative-Territorial Court." Upon his conviction, petitioner's recourse with regard to that conviction was with the court that sentenced him. Because this Court cannot entertain this petition, the petition will be dismissed. A separate order accompanies this memorandum opinion.

RICHARD J. LEON
United States District Judge

Date: 5/8/08

-2-